RECEIVED
USDC CLERK, CHARLESTON, SC
2006 SEP 26  A 8: 15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John F. Munnerlyn, #222329, | C. A. No. 2:06-1559-PMD-RSC |
| Petitioner, | |
| -versus- | **REPORT AND RECOMMENDATION** |
| The State of South Carolina, | |
| Respondent. | |

This habeas corpus petition under 28 U.S.C. § 2254 filed May 22, 2006, by a state prisoner proceeding *pro se* is before the undersigned United States Magistrate Judge for a report and recommendation on the respondents' summary judgment motion filed on August 16, 2006. 28 U.S.C. § 636(b).

At the January 1998 term, the Dillon County Grand Jury indicted Petitioner, John F. Munnerlyn, for felony driving under the influence ("felony DUI"), and driving under suspension more than first offense ("DUS"). (98-GS-17-0138 & -0066). At the October 1998 term, the Marlboro County Grand Jury indicted Petitioner for criminal domestic violence of a high and aggravated nature ("CDVHAN"). (PCR App. 78-80).

Petitioner was represented at the trial level by J.P Strom, Jr., and Mahlon Padgett. On August 25, 2000, Petitioner entered guilty pleas before the Honorable John L. Breeden, Jr., pursuant

1

to a negotiated plea[1]. Judge Breeden accepted the plea agreement, and sentenced Petitioner to fifteen (15) years for felony DUI, a concurrent three (3) years for DUS, and a concurrent three (3) years for CDV. (PCR App. 18-19; 81-84).

Petitioner did not file a direct appeal from his convictions and sentences.

On December 27, 2001, Petitioner filed in Marlboro County Common Pleas Court an Application for Post-Conviction Relief ("PCR"). (01-CP-34-0372). In the PCR, Petitioner raised the following grounds for relief:

> "(a) Defendant alleges ineffective assistance of counsel in the following particulars:
>
> (1) That counsel were ineffective in attempting to calculate how much active jail time the Defendant would get as a result of his guilty plea.
>
> (2) That counsel were ineffective in that they advised the Defendant that he would get credit for time that he already served. The sentencing sheets reflect that Defendant was not given any credit for time served prior to the plea.

---

[1] Petitioner was to receive fifteen (15) years for felony DUI; Petitioner's sentence for DUS would be concurrent, and Petitioner would be allowed to plead to CDV 4th offense, the sentence for which would also be concurrent. The prosecution agreed to drop with prejudice indictments against Petitioner for murder; reckless homicide; malicious injury to a courthouse or jail; threat to a judge, witness, juror, or member of a commission to obstruct justice; threatening the life of a person or family of a public official; and perjury or subornation thereof. Further, the prosecution agreed to allow Petitioner's sentence be concurrent to the federal sentence he was then serving for felon in possession of a firearm. (PCR App. 1-4).

> (3)  That counsel were ineffective in advising the Defendant that there was no time limit on filing an Application for Post Conviction Relief.  However, the Defendant was advised by counsel that there was in fact a one (1) year time limit on filing a Post Conviction Relief application on or about September 21, 2001.
>
> (4)  That counsel were ineffective in not objecting to improper sentence on the Felony DUI charge as the sentencing Judge failed to impose the mandatory minimum fine of Ten Thousand and No/100ths ($10,000.00) Dollars."

(PCR App. 21). The state filed a Return and Motion to Dismiss, in which it asserted the PCR should be dismissed as violative of the state statute of limitations. (PCR App. 33).

An evidentiary hearing was held in the matter on May 20, 2003, before the Honorable J. Michael Baxley.  Since Petitioner was in federal custody, he was able to hear and speak at the hearing by a conference telephone call; Petitioner's retained counsel, John C. Clarke, was present. (PCR App. 39).  Judge Baxley issued an Order of Dismissal on August 8, 2003, in which he ordered that the action be dismissed as violative of the statute of limitations; he also noted that, based on his request and after review of the records, the South Carolina Department of Corrections had given Petitioner additional credit for two hundred and sixty nine (269) days of time served in county jail prior to the plea. (PCR App. 57).

Petitioner next filed a *pro* se "Motion to Alter or Amend Judgment" on August 8, 2003. (PCR App. 69).  He then filed a *pro*

3

se "Motion to Supplement Pleadings", dated August 11, 2003. (PCR App. 62). On September 14, 2003, Judge Baxley entered a Judgement which dismissed the action and also rejected Petitioner's motions as impermissible since he was represented by counsel, and also found the motions meritless in any event. (PCR App. 77).

Attorney Clarke timely filed a notice of appeal with the state supreme court on October 8, 2003. Assistant Appellate Defender Robert Dudek, of the South Carolina Office of Appellate Defense, was appointed to represent Petitioner in his PCR appeal. On June 1, 2004, Dudek filed Petition for Writ of Certiorari, in which he raised the following issues on behalf of Petitioner:

> 1. Should petitioner's case be remanded for a full evidentiary hearing, or at least specific findings of fact, where petitioner testified he failed to comply with the statute of limitations because his attorney advised him there was not a statute of limitations and that it was in his best interest to wait as long as possible to file, since the judge terminated the truncated evidentiary hearing in the "interest of judicial economy" and he did not make any findings on whether petitioner's attorney's misadvise was a defense to the statute of limitations?
>
> 2. Should the post-conviction judge have ordered that petitioner was entitled to two years and two months credit for time served pursuant to his deal with Prosecutor Kim Aydelette, particularly where his attorney presented an affidavit stating this was petitioner's intention or understanding at the time he pled guilty?
>
> 3. Should petitioner's case be remanded for another evidentiary hearing on the issue of whether he is entitled to credit for two years and

4

>two months "time served" where petitioner presented evidence he was entitled to this time served pursuant to his deal with the prosecutor at the time of his guilty plea, the judge ended the truncated hearing in the interests of "judicial economy," and he only granted petitioner credit for 269 days time served?

The State filed a Return to the Petition for Writ of Certiorari on July 8, 2004. On June 15, 2005, the South Carolina Supreme Court issued an Order in which it denied the petition for writ of certiorari. The Remittitur was sent down on July 1, 2005.

Attached herewith and incorporated herein by reference are the following documents:

>(1)  Appendix, containing: Trial Transcript; APCR; Return and Motion to Dismiss; PCR Hearing Transcript; Order of Dismissal; Motion to Supplement Pleadings; Motion to Alter or Amend Judgment; Clerk of Court Records; and SCDC Records;
>
>(2)  Indictments Nos. 98-GS-17-0138 and 98-GS-170066;
>
>(3)  Notice of Appeal, dated October 8, 2003;
>
>(4)  Petition for Writ of Certiorari, dated June 1, 2004;
>
>(5)  Return to Petition for Writ of Certiorari, dated July 8, 2004;
>
>(6)  Order Denying Petition for Writ of Certiorari, dated June 15, 2005; and
>
>(7)  Remittitur, dated July 1, 2005.

The petitioner was provided a copy of the respondents' summary judgment motion on August 28, 2006, and was given an explanation of dismissal and summary judgment procedure as well

5

as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). The petitioner responded to the motion on January 11, 2006. Hence it appears consideration of the motion is appropriate.

**GROUNDS FOR RELIEF**

In his Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, the petitioner raised the following challenges to his conviction:

    1.   Denial of effective assistance of counsel.

    2.   Denial of Right of Appeal.

    3.   Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge or consequence of the plea.

**DISCUSSION**

Dispositive of this entire habeas corpus petition is the fact that the petition is untimely. Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L. No. 104-132, 110 Stat. 1214, a petition for a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year of the latest of:

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation

>of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

However, the time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under § 2244 (d)(1). 28 U.S.C. § 2244(2).

Here, since no direct appeal was taken from the guilty plea or the petitioner's sentence, his conviction became final on September 4, 2000, ten (10) days after he was sentenced on August 25, 2000, when his time for seeking direct review ended. Rule 203(b)(2), SCACR. Petitioner thus had until September 4, 2001, to file his federal habeas corpus action, unless the period was at any time tolled. See, e.g. Hernandez v. Caldwell, 225 F.3d 435 (4th Cir. 2000); Brown v. Angelone, 150 F.3d 370 (4th Cir. 1998). Petitioner did not file his habeas corpus petition within the limitations period; indeed he waited almost six (6) years to file his habeas petition.

Further, since Petitioner did not file his PCR until December 27th, 2001, four hundred and seventy-eight (478) days passed between the conclusion of direct review and the filing of the PCR. Therefore, when he filed his PCR the statute of limitations had already run.

## CONCLUSION

Accordingly, for the aforementioned reason, it is recommended that this petition be denied as time-barred pursuant to the AEDPA's period of limitations.

Respectfully Submitted,

Robert S. Carr
United States Magistrate Judge

Charleston, South Carolina
September 26, 2006

## Notice of Right to File Objections to Magistrate Judge's "Report and Recommendation"
## &
## The Serious Consequences of a Failure to Do So

The parties are hereby notified that any objections to the attached Report and Recommendation (or Order and Recommendation) must be filed within **ten (10) days** of the date of its filing. 28 U.S.C. § 636 and Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three days for filing by mail. Fed. R. Civ. P. 6. Based thereon, this Report and Recommendation, any objections thereto, and the case file will be **delivered to a United States District Judge** fourteen (14) days after this Report and Recommendation is filed. Advance Coating Technology, Inc. v. LEP Chemical, Ltd., 142 F.R.D. 91, 94 & n. 3, 1992 U.S.Dist. LEXIS® 6243 (S.D.N.Y. 1992). A magistrate judge makes only a recommendation, and the authority to make a final determination in this case rests with the United States District Judge. *See* Mathews v. Weber, 423 U.S. 261, 270-271 (1976); and Estrada v. Witkowski, 816 F. Supp. 408, 410, 1993 U.S.Dist. LEXIS® 3411 (D.S.C. 1993).

During the ten-day period, but not thereafter, a party must file with the Clerk of Court specific, written objections to the Report and Recommendation, if he or she wishes the United States District Judge to consider any objections. **Any written objections must *specifically identify* the portions of the Report and Recommendation to which objections are made *and* the basis for such objections.** *See* Keeler v. Pea, 782 F. Supp. 42, 43-44, 1992 U.S.Dist. LEXIS® 8250 (D.S.C. 1992); and Oliverson v. West Valley City, 875 F. Supp. 1465, 1467, 1995 U.S.Dist. LEXIS® 776 (D.Utah 1995). Failure to file specific, written objections shall constitute a waiver of a party's right to further judicial review, including appellate review, if the recommendation is accepted by the United States District Judge. *See* United States v. Schronce, 727 F.2d 91, 94 & n. 4 (4th Cir.), *cert. denied*, Schronce v. United States, 467 U.S. 1208 (1984); and Wright v. Collins, 766 F.2d 841, 845-847 & nn. 1-3 (4th Cir. 1985). Moreover, if a party files specific objections to a portion of a magistrate judge's Report and Recommendation, but does not file specific objections to other portions of the Report and Recommendation, that party waives appellate review of the portions of the magistrate judge's Report and Recommendation to which he or she did not object. In other words, a party's failure to object to one issue in a magistrate judge's Report and Recommendation precludes that party from subsequently raising that issue on appeal, even if objections are filed on other issues. Howard v. Secretary of HHS, 932 F.2d 505, 508-509, 1991 U.S.App. LEXIS® 8487 (6th Cir. 1991). *See also* Praylow v. Martin, 761 F.2d 179, 180 n. 1 (4th Cir.)(party precluded from raising on appeal factual issue to which it did not object in the district court), *cert. denied*, 474 U.S. 1009 (1985). In Howard, supra, the Court stated that general, non-specific objections are *not* sufficient:

> A general objection to the entirety of the [magistrate judge's] report has the same effects as would a failure to object. The district court's attention is not focused on any specific issues for review, thereby making the initial reference to the [magistrate judge] useless. * * * This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act. * * * We would hardly countenance an appellant's brief simply objecting to the district court's determination without explaining the source of the error.

*Accord* Lockert v. Faulkner, 843 F.2d 1015, 1017-1019 (7th Cir. 1988), where the Court held that the appellant, who proceeded *pro se* in the district court, was barred from raising issues on appeal that he did not specifically raise in his objections to the district court:

> Just as a complaint stating only 'I complain' states no claim, an objection stating only 'I object' preserves no issue for review. * * * A district judge should not have to guess what arguments an objecting party depends on when reviewing a [magistrate judge's] report.

*See also* Branch v. Martin, 886 F.2d 1043, 1046, 1989 U.S.App. LEXIS® 15,084 (8th Cir. 1989)("no de novo review if objections are untimely or general"), which involved a *pro se* litigant; and Goney v. Clark, 749 F.2d 5, 7 n. 1 (3rd Cir. 1984)("plaintiff's objections lacked the specificity to trigger *de novo* review"). **This notice, hereby, apprises the parties of the consequences of a failure to file specific, written objections.** *See* Wright v. Collins, supra; and Small v. Secretary of HHS, 892 F.2d 15, 16, 1989 U.S.App. LEXIS® 19,302 (2nd Cir. 1989). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections addressed as follows:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402