IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John F. Munnerlyn, # 222329, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>The State of South Carolina, )<br>)<br>)<br>Respondent. )<br>                                            ) | C.A. No.: 2:06-1559-PMD-RSC<br><br>**ORDER** |

This matter is before the court upon the Magistrate Judge's recommendation that Munnerlyn's ("Munnerlyn" or "Petitioner") petition for writ of habeas corpus be denied as time-barred. The Record contains a Report and Recommendation ("R&R") of a United States Magistrate Judge which was made in accordance with 28 U.S.C. § 636(b)(1)(B).[1] A dissatisfied party may object, in writing, to an R&R within ten days after being served with a copy of that report. 28 U.S.C. § 636(b)(1). On October 11, 2006, Munnerlyn filed timely objections to the R&R.

## BACKGROUND

At the January 1998 term, Munnerlyn was indicted by the Dillon County Grand Jury for felony driving under the influence and driving under suspension more than first offense. At the October 1998 term, the Marlboro County Grand Jury indicted him for criminal domestic violence of a high and aggravated nature. On August 25, 2000, Munnerlyn entered guilty pleas before the Honorable John L. Breeden, Jr., pursuant to a negotiated plea. Judge Breeden accepted the plea

---

[1] Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1), and Local Rule 73.02(B)(2)(e), D.S.C., the Magistrate Judge is authorized to review all pretrial proceedings involving litigation by individuals proceeding *pro se*, and submit findings and recommendations to this Court.

1

agreement and sentenced Munnerlyn to fifteen years for felony driving under the influence, a concurrent three years for driving under suspension, and a concurrent three years for criminal domestic violence. Munnerlyn did not file a direct appeal from his conviction and sentences.

On December 27, 2001, Munnerlyn filed an Application for Post-Conviction Relief ("PCR") in the Marlboro County Court of Common Pleas. In his PCR application, Petitioner raised the following grounds for relief:

(a) Defendant alleges ineffective assistance of counsel in the following particulars:

(1) That counsel were ineffective in attempting to calculate how much active jail time the Defendant would get as a result of his guilty plea.

(2) That counsel were ineffective in that they advised the Defendant that he would get credit for time that he already served. The sentencing sheets reflect that Defendant was not given any credit for time served prior to the plea.

(3) That counsel were ineffective in advising the Defendant that there was no time limit on filing an Application for Post Conviction Relief. However, the Defendant was advised by counsel that there was in fact a one (1) year time limit on filing a Post Conviction Relief application on or about September 21, 2001[.]

(4) That counsel were ineffective in not objecting to improper sentence on the Felony DUI charge as the sentencing Judge failed to impose the mandatory minimum fine of Ten Thousand and no/100ths ($10,000.00) Dollars[.]

(App. p. 24.) The state filed a Return and Motion to Dismiss, in which it asserted the PCR should be dismissed because it violated the state statute of limitations. (App. p. 33.)

The Honorable J. Michael Baxley held an evidentiary hearing on the matter on May 20, 2003. On August 8, 2003, Judge Baxley issued an Order of Dismissal, ordering the action be dismissed because it violated the statute of limitations. Judge Baxley also noted that, based on his request and after a review of the records, the South Carolina Department of Corrections had given Munnerlyn additional credit for 269 days of time served in county jail prior to the plea. (App. pp.

57-59.) Munnerlyn then filed a *pro se* Motion to Alter or Amend Judgment on August 8, 2003 and a *pro se* Motion to Supplement Pleadings dated August 11, 2003. (App. pp. 69, 62.) On September 14, 2003, Judge Baxley entered a Judgment which dismissed the action; Judge Baxley also rejected Petitioner's motions as impermissible since he was represented by counsel but found them to be without merit in any event. (App. p. 77.)

Petitioner's attorney filed a timely notice of appeal with the South Carolina Supreme Court on October 8, 2003. On June 1, 2004, Assistant Appellate Defender Robert Dudek filed a Petition for Writ of Certiorari. The South Carolina Supreme Court, however, issued an order denying the petition for writ of certiorari on June 15, 2005. The Remittitur was sent down on July 1, 2005.

Munnerlyn filed a habeas corpus petition under 28 U.S.C. § 2254 on May 22, 2006, raising three challenges to his conviction:

1. Denial of effective assistance of counsel.
2. Denial of right to appeal.
3. Conviction obtained by a plea of guilty which was unlawfully induced or not made voluntarily with the understanding of the nature of the charge or consequence of the plea.

The Magistrate Judge issued an R&R on September 25, 2006, recommending that Munnerlyn's petition be denied as time-barred. (R&R at 8.)

## STANDARD OF REVIEW

This court is charged with conducting a *de novo* review of any portion of the Magistrate Judge's R&R to which a specific objection is registered and may accept, reject, or modify, in whole or in part, the recommendations contained in that R&R. 28 U.S.C. § 636(b)(1). After a review of the entire record, the R&R, and Plaintiff's objections, the court finds the Magistrate Judge fairly and accurately summarized the facts and applied the correct principles of law. Accordingly, the court

adopts the R&R and fully incorporates it into this Order.

## **OBJECTIONS**

Munnerlyn first objects to the Magistrate Judge's statement that he filed his application for PCR on December 27, 2001. In his R&R, the Magistrate Judge stated, "Further, since Petitioner did not file his PCR until December 27th, 2001, four hundred and seventy-eight (478) days passed between the conclusion of direct review[2] and the filing of the PCR. Therefore, when he filed his PCR the statute of limitations had already run." (R&R at 8.) Munnerlyn asserts this statement is erroneous because he filed his application for PCR in November of 2001.[3] Although the verification section of Munnerlyn's PCR application was notarized on November 13, 2001, his objection is without merit as his application was not actually filed with the Marlboro County Clerk of Court until December 27, 2001. Moreover, even assuming Munnerlyn had filed his PCR application on November 1, 2001, more than 365 days passed between the conclusion of direct review on September 4, 2000, and the date Munnerlyn asserts he filed his PCR application, November 1, 2001.[4]

Munnerlyn's second objection concerns the Magistrate Judge's application of the statute of limitations for filing a writ of habeas corpus by a person in custody pursuant to the judgment of a state court. Title 28, § 2244(d) reads as follows:

> **(d)(1)** A 1-year period of limitation shall apply to an application for a writ of habeas

---

[2]In the R&R, Judge Carr noted that because Munnerlyn did not directly appeal his guilty plea or sentence, his conviction became final on September 4, 2000, ten days after he was sentenced on August 25, 2000, when his time for seeking direct review ended. (R&R at 7.)

[3]Although unclear, perhaps Munnerlyn makes this objection in an effort to convince the court that his PCR application was "properly filed" within the meaning of 28 U.S.C. § 2244(d)(2).

[4]In fact, 422 days passed between these dates.

4

>corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>  **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>  **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>  **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>  **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d). This statute of limitations can be tolled, however: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2).

The Magistrate Judge determined that Munnerlyn's § 2254 petition was untimely pursuant to § 2244(d)(1) because "his conviction became final on September 4, 2000, ten (10) days after he was sentenced on August 25, 2000, when his time for seeking direct review ended." (R&R at 7.) The Magistrate Judge reasoned that Munnerlyn had until September 4, 2001 to file his federal habeas corpus petition, unless the period was tolled at some time. (R&R at 7.) Noting that Munnerlyn waited almost six years to file his § 2254 petition, the Magistrate Judge recommended the petition be denied as time-barred. Objecting to this recommendation, Munnerlyn states,

>Second, I received a letter from the Department of Correction[s] dated July 5th, 2001, notifying me that I would not be getting credit for the time I had already served. Therefore tolling the one year statute of limitations under subsection (C). [sic] (newly discovered evidence) This is made clear by several South Carolina Supreme Court rulings in which they said the one year time limit starts at the time of notification by the Department of Corrections, thus in my case being July 5th, 2001.

(Objections at 1.) The subsection (C) mentioned by Munnerlyn presumably refers to South Carolina

5

Code section 17-27-45(C), which provides as follows:

> (C) If the applicant contends that there is evidence of material facts not previously presented and heard that requires vacation of the conviction or sentence, the application must be filed under this chapter within one year after the date of actual discovery of the facts by the applicant or after the date when the facts could have been ascertained by the exercise of reasonable diligence.

S.C. CODE ANN. § 17-27-45(C). Although unclear, perhaps Munnerlyn refers to this statute to show that he "properly filed" his PCR application within the meaning of 28 U.S.C. § 2244(d)(2).

Even if Munnerlyn did properly file his PCR application, however, his § 2254 petition was still not filed within the requisite one year period. If the court assumes that § 2244(d)(1)(D) applies in Munnerlyn's case, the one year statute of limitations for filing a § 2254 petition began to run on "the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2244(d)(1)(D). In his objections, Munnerlyn states that date should be July 5, 2001, as the letter notifying him that he would not be getting credit for time served was dated July 5, 2001. (Objections at 1.) From July 5, 2001, to December 27, 2001, the date his PCR application was filed, is 174 days. Assuming the statute of limitations should be tolled while Munnerlyn's PCR was pending,[5] the statute of limitations resumed running on July 1, 2005, the date of the Supreme Court of South Carolina's disposition of his PCR appeal.[6] The

---

[5] "[U]nder § 2244(d)(2)[,] the entire period of state post-conviction proceedings, from initial filing to final disposition by the highest state court (whether decision on the merits, denial of certiorari, or expiration of the period of time to seek further appellate review), is tolled from the limitations period for federal habeas corpus petitioners. . . ." *Taylor v. Lee*, 186 F.3d 557, 561 (4th Cir. 1999).

[6] If Munnerlyn is arguing that he has one year from July 1, 2005, the conclusion of state post-conviction proceedings, to bring his § 2254 petition, this argument is without merit. *See Harris v. Hutchinson*, 209 F.3d 325, 327-28 (4th Cir. 2000). Giving him the benefit of discovering the factual predicate of his claims on July 5, 2001, the statute began to run on that date, and the court assumes tolling is appropriate between December 27, 2001 and July 1, 2005.

6

period between July 1, 2005, and May 22, 2006, the day Munnerlyn filed his § 2254 petition, equals 324 days. Aggregating these two time periods that were not tolled reveals that 498 days passed between the date Munnerlyn discovered the factual predicate of his claim and the date he filed his § 2254 petition.[7] *See generally Harris v. Hutchinson*, 209 F.3d 325, 328 (4th Cir. 2000) (aggregating time not tolled before and after state PCR to determine the one year statute of limitations under 28 U.S.C. § 2244(d) had run); *McKinney v. Rushton*, No. 4:05-3147, 2006 WL 2038275, at *2-3 (D.S.C. July 18, 2006) (same). The Magistrate Judge thus properly found that Munnerlyn's petition is time-barred because more than one year of time not tolled passed between the time Munnerlyn discovered the factual predicate of his claim and the time he filed his § 2254 petition.

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Munnerlyn's petition for a writ of habeas corpus is **DISMISSED**.

    **AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**November 21, 2006**

---

[7] Even if the court assumes Munnerlyn filed his state PCR application on November 1, 2001, and thereby tolls the statute of limitations from November 1, 2001, to July 1, 2005, his § 2254 petition is still time-barred because 442 days of time not tolled passed between July 5, 2001 and May 22, 2006.

7